IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVILA<br>9951 Academy Road<br>Philadelphia, PA 19114 | :<br>:<br>:     CIVIL ACTION |
|       Plaintiff, | :<br>:     No.: |
| v. | :<br>:     **JURY TRIAL DEMANDED** |
| MARYLAND AND VIRGINIA MILK<br>PRODUCERS COOPERATIVE ASSOCIATION<br>d/b/a MAOLA or MAOLA PHILADELPHIA<br>10975 Dutton Road<br>Philadelphia, PA 19154 | :<br>:<br>:<br>:<br>: |
|       and | :<br>: |
| MARYLAND AND VIRGINIA MILK<br>PRODUCERS COOPERATIVE ASSOCIATION,<br>INC. d/b/a MAOLA LOCAL DAIRIES<br>13861 Sunrise Valley Drive, Ste. 220<br>Herndon, VA 20171 | :<br>:<br>:<br>:<br>: |
|       Defendants. | :<br>: |

CIVIL ACTION COMPLAINT

Joseph Davila ("Plaintiff" or "Mr. Davila"), by and through his undersigned counsel, hereby avers as follows:

INTRODUCTION

1. Mr. Davila has initiated this action to redress violations by Maryland and Virginia Milk Producers Cooperative Association d/b/a Maola or Maola Philadelphia ("Defendant Maola Philadelphia") and Maryland and Virginia Milk Producers Cooperative Association, Inc. d/b/a Maola Local Dairies ("Defendant Maola Local Dairies") (collectively "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.), the Family

and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]

2.     Mr. Davila alleges, *inter alia*, that Defendants discriminated against him on the basis of his disabilities; retaliated against him for both requesting/requiring reasonable accommodations (in the form of medical leave also protected under the FMLA), and unlawfully terminated his employment.

3.     As a direct consequence of Defendants' unlawful actions, Mr. Davila seeks damages as set forth herein.

**JURISDICTION AND VENUE**

4.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5.     This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6.     Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendants are deemed to reside

---

[1] Plaintiff intends to amend his instant Complaint to include claims arising under the PHRA and PFPO on or about November 17, 2026, once his administrative remedies as to those claims are fully exhausted. Plaintiff's claims arising under the PHRA and PFPO will mirror the instant ADA claims.

where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

7.      Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

8.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9.      Mr. Davila is an adult individual, with an address as set forth in the caption.

10.      Defendant Maola Philadelphia is a farmer-owned dairy co-op producing milk and dairy products in Pennsylvania with a principal place of business as set forth in the caption.

11.      Defendant Maola Local Dairies is a corporation which produces a wide variety of dairy products throughout the United States, including Pennsylvania, with a corporate address set forth in the caption.

12.      Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

13. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. On or about August 28, 2023, Defendants hired Plaintiff as a Certified Pasteurizer and Operator out of their Philadelphia, PA location.

16. At all relevant times, Plaintiff was supervised by Supervisor, Keeon Burke ("Burke"), Production Supervisor, Tim (last name unknown), Supervisor, Matthew McQuoid ("McQuoid"), Production Assistant, David Dilks ("Dilks"), Assistant Plant Manager, David Hewes ("Hewes"), Senior ESL Processing Manager, Andrew Leonard ("Leonard"), and Human Resources ("HR") Manager, Monica Speck ("Speck").

17. Unfortunately, Plaintiff suffers from significant disabilities and serious medical conditions, including anxiety, depression, and panic disorder, which at times limits his ability to work, concentrate, and effectively communicate, among other daily life activities.

18. A a result of his disabilities, Plaintiff (at times) needed to request reasonable accommodations in the form of medical leave (in order to receive medical treatment and  attend doctor appointments).

19. Plaintiff advised Defendants' management about his disabilities and need for accommodations, including Tim and Speck, but rather than properly accommodate Plaintiff or engage in the interactive process as mandated by the ADA, Defendants instead treated him with hostility in a manner they never did prior to his request for accommodations.

20.    By way of example, but not intended to be an exhaustive list, Defendants spoke to Plaintiff in a rude and hostile manner, questioned the legitimacy of his disability and treatment, and issued him discipline and attendance points for missing work due to his disabilities.

21.    Defendants' hostility towards Plaintiff exacerbated his disabilities, caused him to suffer more flare ups, and resulted in Plaintiff missing multiple doctor appointments due to fear of being subject to further discipline.

22.    In an effort to protect his job and curb the harassment he was experiencing, in or about late-October/early-November 2025, Plaintiff requested and was eventually approved intermittent FMLA leave.

23.    Despite properly utilizing FMLA to miss work, start late, or leave early due to flare ups with his disabilities, Defendants continued to issue him discipline and attendance points.

24.    On or about November 6, 2025, Plaintiff was issued multiple written warnings related to his attendance in a clear effort by Defendants to deter Plaintiff from utilizing FMLA leave in the future.

25.    In response, Plaintiff complained to Defendants' management and HR Department that he was being retaliated as a result of his disabilities and need for accommodations, but rather than properly investigate his legitimate concerns, Defendants instead simply ignored them.

26.    On or about November 13, 2025, Defendants issued Plaintiff a "Final Warning" discipline related to his attendance and utilization of FMLA.

27.    Plaintiff complained again, this time submitting an "Employee Statement" document memorializing that his attendance issues were related to his disabilities and that the date(s) referenced by Defendants in disciplining him were the same date(s) he requested to utilize FMLA.

28.     For the next approximate week, and due in part to Defendants' constant harassment, Plaintiff either missed work or started work late due to his disabilities.

29.     As much as he could, Plaintiff always apprised Defendants' management about his need to miss work for doctor appointments in advance to missing work.

30.     Regardless, on or about November 25, 2025, Defendants abruptly terminated Plaintiff for accruing additional attendance points on November 16, November 19, and November 22, 2025.

31.     Even though Plaintiff once again confirmed that those three dates he utilized FMLA, Defendants upheld his termination without ever properly engaging in the interactive process.

32.     Shortly after Plaintiff's termination, he received notice from Defendants third-party FMLA administrator, NY Life, that his FMLA usage on November 16, November 19, and November 22, 2025, was approved.

33.     Defendants' alleged rationale for terminating Plaintiff is completely pretextual considering: (1) Defendants' management treated Plaintiff with animosity and hostility for requesting accommodations due to his disabilities; (2) Defendants' management's hostility only escalated after Plaintiff started utilizing FMLA; (3) Plaintiff was terminated while actively utilizing FMLA; (4) Defendants' management repeatedly issued attendance points to Plaintiff for absences directly related to his treatment for disabilities or need to miss work; and (5) Defendants' termination  notice explicitly identifies that Plaintiff was terminated for attendance reasons on dates he **utilized FMLA.**

34.    Therefore, Plaintiff believes and avers that he was terminated as a result of his: (1) disabilities; (2) requests for reasonable medical accommodations (including FMLA); and (3) his complaints of discrimination, retaliation, and unfair treatment.

**COUNT I**
**Violations of the ADA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

35.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    Plaintiff suffers from qualifying health conditions under the ADA, including depression, anxiety, and panic disorder, which affected his ability (at times) to perform some daily life activities (as set forth *supra*).

37.    Despite Plaintiff's aforementioned health conditions and limitations, he was still qualified and able to perform the duties of his job with Defendants.

38.    Plaintiff disclosed his aforementioned disabilities and need for accommodations to Defendants' management and was subjected to discriminatory and disparate treatment following his request to take time away from work for treatment.

39.    Plaintiff opposed the discriminatory conduct that he was subjected to on a regular basis.

40.    Instead of investigating Plaintiff's aforesaid complaints of discrimination, Defendants' management ignored them and continued to treat Plaintiff with hostility.

41.    Shortly following his complaints of discrimination or utilizing reasonable accommodations in the form of medical leave (FMLA qualified), Plaintiff was abruptly terminated on or about November 25, 2025.

42. Plaintiff believes and therefore avers that his actual disabilities or record of impairment were motivating/determinative factors in the termination of his employment with Defendants.

43. Plaintiff also avers that he was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations / complaining of discrimination) under the ADA.

44. Finally, Plaintiff avers that he was terminated as a direct result of Defendants' desire to no longer accommodate him in the future.

45. Defendants' actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the FMLA
### (Interference and Retaliation)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Defendants were Plaintiff's employer(s), with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

48. Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.

49. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

50. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(A).

51. Plaintiff notified Defendants of his need for FMLA qualifying leave.

8

52. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

53. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting/exercising his FMLA rights and/or complaining about violations of her FMLA rights; (2) terminating Plaintiff to dissuade Plaintiff (or others) from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (5) terminating Plaintiff to prevent him from taking FMLA-qualifying leave in the future; (6) failing to designate leave as FMLA; and (7) taking actions towards him that would dissuade a reasonable person from exercising their rights under the FMLA.

54. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: May 21, 2026

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Joseph Davila          :        CIVIL ACTION

       v.         :

Maryland and Virginia Milk Producers Cooperative Association d/b/a Maola or Maola Philadelphia, et al.    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| 5/21/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
         _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVILA, JOSEPH

**DEFENDANTS**

MARYLAND AND VIRGINIA MILK PRODUCERS COOPERATIVE ASSOCIATION D/B/A MAOLA OR MAOLA PHILADELPHIA, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &   Pharmaceutical   Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal   ☐ 340 Marine   Injury Product   ☐ 345 Marine Product   Liability | | ☐ 835 Patent – Abbreviated New Drug Application   ☐ 840 Trademark | ☐ 460 Deportation   ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending   Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   ☐ 380 Other Personal   Injury   Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff)   ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury -   ☐ 385 Property Damage   Medical Malpractice   Product Liability | ☐ 751 Family and Medical Leave Act   ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g))   ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions   ☐ 891 Agricultural Acts |
| **REAL PROPERTY**   **CIVIL RIGHTS**   **PRISONER PETITIONS** | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters   ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation   ☐ 440 Other Civil Rights   **Habeas Corpus:** | | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure   ☐ 441 Voting   ☐ 463 Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment   ☐ 442 Employment   ☐ 510 Motions to Vacate   Sentence | | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land   ☐ 443 Housing/   ☐ 530 General   Accommodations | | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability   ☒ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty   mployment | | | | |
| ☐ 290 All Other Real Property   **Other:** | | **IMMIGRATION** | | |
| ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other   Other   ☐ 550 Civil Rights | | ☐ 462 Naturalization Application   ☐ 465 Other Immigration   Actions | | |
| ☐ 448 Education   ☐ 555 Prison Condition   ☐ 560 Civil Detainee -   Conditions of   Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/21/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____